IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| In re COLONIAL BANCGROUP, | ) | CIVIL ACTION NO. |
| INC. ERISA LITIGATION | ) | 2:09cv792-MHT |
| | ) | (WO) |

OPINION AND ORDER

Before the court is the plaintiffs' motion for preliminary approval of proposed settlement, certification of a "settlement class," approval of a notice plan, and setting of a fairness hearing.  In this putative class action, named-plaintiffs Lora McKay, Leonor M. Torregroza, Linda Shockley, and Johnny Pompa asserted claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 (ERISA), with respect to the Colonial BancGroup 401(k) Plan as against defendants Lewis E. Beville, Augustus K. Clements (and his estate), Robert S. Craft, Patrick F. Dye, Hubert L. Harris, Jr., Clinton Holdbrooks, Deborah L. Linden, Robert E. Lowder, John Ed Mathison, Milton E. McGregor, Joseph D. Mussafer, William

E. Powell, III, James W. Rane, Simuel S. Sippial, Jr., Edward V. Welch (and his estate), R. Thomas Burge, Michelle M. Condon, Kelli Gant, T. Brent Hicks, Patti G. Hill, Kamal S. Hosein, Sarah H. Moore, Angie S. Parker, Harlan C. Parrish, Rudi Thompson, and Andrew Wilson. The terms of the settlement are set out in a stipulation of settlement executed on June 13, 2012, which has been signed by the named plaintiffs and all defendants. Pursuant to 29 U.S.C. § 1132, the court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the settlement class.

It is ORDERED that the plaintiffs' motion for preliminary approval of proposed settlement, certification of a settlement class, approval of a notice plan, and setting of a fairness hearing (Doc. No. 188) is granted as follows:

2

## I.   CLASS FINDINGS AND CERTIFICATION

The court preliminarily finds, for purposes of the settlement, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the settlement class, in that:

(a) The settlement class is ascertainable from records kept with respect to the plan and from other objective criteria, and the members of the settlement class are so numerous that their joinder before the court would be impracticable.

(b) Based on allegations in the plaintiffs' complaint, and examination of the legal claims and facts necessary to prove them, the court preliminarily finds that there are one or more questions of fact and/or law common to the settlement class.

(c) Based on allegations in the plaintiffs' complaint and otherwise supported in the record,

the court preliminarily finds that the defendants engaged in uniform conduct affecting members of the settlement class. The court further finds that the plaintiffs' claims and their alleged legal injuries are typical of the claims and injuries of the settlement class.

(d) The plaintiffs will fairly and adequately protect the interests of the settlement class in that: (i) the interests of the plaintiffs and the nature of their alleged claims are consistent with those of the members of the settlement class; (ii) there are no significant conflicts between or among the plaintiffs and the settlement class; and (iii) the plaintiffs are represented by qualified and reputable counsel who are experienced in preparing and prosecuting large and complex ERISA class actions of this type.

4

(e) The prosecution of separate actions by individual members of the settlement class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

Based on these findings, therefore, the court preliminarily certifies the following settlement class under Federal Rule of Civil Procedure 23(b)(1):

> "All persons, other than defendants, who were participants in or beneficiaries of the plan at any time between April 18, 2007, and August 25, 2009, and whose accounts included investments in Colonial BancGroup Stock."

The court finds that the settlement class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Rule 23(a) and 23(b)(1).

As required by Rule 23(g), the court has considered: (i) the work class counsel has done in identifying or investigating potential claims in this action; (ii) class counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action; (iii) class counsel's knowledge of the applicable law and, in particular, their knowledge of ERISA as it applies to claims of the type asserted in this action (breach-of-fiduciary-duty claims that pertain to the plan's investment in company stock); and (iv) the resources class counsel have committed to representing the class. Based on these factors, the court finds that class counsel have and will continue to represent fairly and adequately the interests of the settlement class.

Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2) the court preliminarily designates

Whatley, Drake & Kallas, LLC, Keller Rohrback LLP, and Harwood Feffer LLP as co-lead class counsel with respect to the settlement class in this action.

As mentioned, the court finds that the named plaintiffs are adequate and typical class representatives for the settlement class and, therefore, appoints these plaintiffs as the representatives of the settlement class.

The court having determined preliminarily that this action may proceed as a non-opt-out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), members of the settlement class shall be bound by any judgment concerning the settlement in this action, subject to the court's final determination as to whether this action may so proceed.

## II.  PRELIMINARY APPROVAL OF SETTLEMENT

The settlement documented in the stipulation of settlement (Doc. No. 189-1) is preliminarily approved, as

the court preliminarily finds that: (a) the proposed settlement resulted from arm's-length negotiations; (b) the stipulation of settlement was executed only after class counsel had researched and investigated multiple legal and factual issues pertaining to the plaintiffs' claims; (c) there is a genuine controversy between the parties involving the defendants' compliance with the fiduciary requirements of ERISA; (d) the settlement appears on its face to be fair, reasonable, and adequate; and (e) the settlement evidenced by the stipulation is sufficiently fair, reasonable, and adequate to warrant sending notice of the action, and its settlement, to the settlement class.

### A.  Fairness Hearing

A fairness hearing, pursuant to Fed. R. Civ. P. 23(e), is scheduled to be held before the court on October 12, 2012 at 10:00 a.m. at the United States Courthouse, Frank M. Johnson, Jr. U.S. Courthouse

8

Complex, One Church Street, Montgomery, Alabama 36104, to determine finally, among other things:

(a) Whether the settlement should be approved as fair, reasonable, and adequate;

(b) Whether the settlement class satisfies the requirements of Fed. R. Civ. P. 23 and should be finally certified as preliminarily found by the court;

(b) Whether the litigation should be dismissed with prejudice pursuant to the terms of the stipulation of settlement;

(d) Whether the final approval order attached to the stipulation should be entered and whether the releasees should be released of and from the released claims, as provided in the stipulation;

(e) Whether the notice and notice methodology implemented pursuant to the stipulation (i) were reasonably calculated, under the circumstances, to apprise members of the settlement class of

the pendency of the litigation, their right to object to the settlement, and their right to appear at the fairness hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

(f) Whether class counsel adequately represents the settlement class for purposes of entering into and implementing the stipulation as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the court;

(g) Whether the proposed method of allocation of the net settlement fund is fair, reasonable, and adequate and should be approved by the court;

(h) Whether the settlement has been negotiated at arm's length by class counsel on behalf of the plan and the settlement class, whether the

plaintiffs have acted independently, whether the plaintiffs' interests are identical to the interests of the plan and the settlement class, and whether the negotiations and consummation of the settlement by the plaintiffs on behalf of the plan and the settlement class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b) and/or qualify for a class exemption from the prohibited transaction rules, including Prohibited Transaction Exemption 2003-39;

(i) Whether the application for attorneys' fees and expenses to be filed by class counsel should be approved;

(j) Whether case contribution awards should be awarded to the plaintiffs; and

(k) Any other issues necessary for approval of the settlement.

B. Class Notice.

11

The parties have presented to the court a proposed class notice, consisting of a mailed notice and a summary notice, which are appended hereto as exhibits A and B. The court approves the form and content of the class notice, finding that it fairly and adequately: (1) describes the terms and effect of the stipulation and of the settlement; (2) gives notice to the settlement class of the time and place of the fairness hearing; and (3) describes how the recipients of the class notice may object to approval of the settlement.

The parties have proposed the following manner of communicating the notice to members of the settlement class, and the court finds that such proposed manner is adequate and directs that the plaintiffs shall:

(a) By no later than August 10, 2012, cause the mailed notice, with such non-substantive modifications thereto as may be agreed upon by the parties, to be disseminated pursuant to the stipulation, to the last known address of each

12

    member of the settlement class who can be
    identified by reasonable effort.

 (b) By no later than August 10, 2012, cause the
    mailed notice to be published to the website
    identified in the mailed notice.

 (c) By no later than August 10, 2012, cause the
    summary notice to be electronically published on
    the Business Wire.

At or before the fairness hearing, class counsel shall file with the court a proof of timely compliance with the foregoing mailing and publication requirements.

  The defendants shall, on or before September 28, 2012, file with the court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715 and paragraph 2 of the stipulation.

  Reasonable expenses of effecting class notice shall be paid out of the settlement fund.

C. Objections to Settlement.

13

"Objector" shall mean any member of the settlement class who wishes to object to the fairness, reasonableness, or adequacy of the settlement; to the plan of allocation; to any term of the stipulation of settlement; to the proposed case contribution awards; or to the proposed award of attorney's fees and expenses. Any objector must file with the court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the court's attention or introduce in support of such objection. The objector must also mail the objection and all supporting law and/or evidence to counsel for the parties.

The addresses for filing objections with the court and service on counsel are as follows:

1. <u>Court</u>.

  Clerk of the U.S. District Court
  Middle District of Alabama
  One Church Street
  Montgomery, AL 36104

14

2. <u>Plaintiffs' Counsel</u>.

>   Whatley Drake & Kallas, LLC
>   Joe R. Whatley, Jr.
>   P.O. Box 10647
>   Birmingham, AL 35202-0647

3. <u>Defendants' Counsel</u>.

>   Alston + Bird, LLP
>   H. Douglas Hinson
>   One Atlantic Center
>   1201 West Peachtree St.
>   Atlanta, GA  30309-3424

The objector, or, if represented by counsel, his, her, or its counsel, must both effect service of the objection on counsel listed above and file the objection with the court at least 14 calendar days prior to the fairness hearing, that is, by September 28, 2012. Any member of the settlement class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the settlement and any untimely objection shall be barred.

15

Any objector who files and serves a timely, written objection may also appear at the fairness hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the fairness hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on counsel identified above and file it with the court at least 14 calendar days prior to the fairness hearing, that is, by September 28, 2012. Any objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the fairness hearing, except for good cause shown. The parties' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

16

The parties shall respond to any objector at least seven calendar days prior to the fairness hearing, that is, by no later than October 5, 2012.

### III. OTHER FEES AND EXPENSES

The court understands that the plan's fiduciary has retained or will retain an independent fiduciary for the purpose of evaluating the settlement to determine whether to authorize the settlement on behalf of the plan.  The defendants have caused or will cause to be paid all fees and expenses incurred by the independent fiduciary (including fees and expenses incurred by consultants, attorneys, and other professional retained or employed by the independent fiduciary) in the course of evaluating and authorizing the settlement on behalf of the plan, up to a total amount of two hundred thousand dollars ($ 200,000) for such expenses and the expenses incurred in administering the settlement and allocating the settlement fund pursuant to the plan of allocation approved by the court.  Any fees and expenses in excess

17

of this amount incurred by the independent fiduciary and/or the settlement administrator shall be paid out of the settlement fund.

Any application by class counsel for attorneys' fees and reimbursement of expenses, for a case contribution award to the plaintiffs, and all papers in support thereof, shall be filed with the court and served on all counsel of record at least 28 calendar days prior to the fairness hearing, that is, by no later than September 14, 2012.

## IV. FINALIZATION OF SETTLEMENT

Class counsel shall file with the court a motion for entry of the final approval order and approval of the plan of allocation at least 28 calendar days prior to the fairness hearing, that is, by no later than September 14, 2012.

Pending final determination of whether the settlement should be approved, all members of the settlement class and the plan are each BARRED AND ENJOINED from

18

instituting or prosecuting any action that asserts any released claim against any releasees.

If the settlement is terminated in accordance with the stipulation of settlement or does not become final under the terms of the stipulation of settlement for any other reason, this order and all class findings shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before the court entered this order.

In the event this order becomes of no force or effect, no part of it shall be construed or used as an admission, concession, or declaration by or against the defendants of any fault, wrongdoing, breach, or liability, nor shall the order be construed or used as an admission, concession, or declaration by or against the plaintiffs or the settlement class that their claims lack merit or that the relief requested in the action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may

have.   The court reserves the right to continue the

fairness hearing without further written notice.

This case is reopened.

DONE, this the 28th day of June, 2012.

        /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE