IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

|  |  |
|---|---|
| In re COLONIAL BANCGROUP, INC. ERISA LITIGATION | ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:09cv792-MHT (WO) |

## FINAL JUDGMENT

This action came on for a final fairness hearing, held on October 12, 2012, on a proposed settlement (the "Settlement") of this class action (the "Action") preliminarily certified for settlement purposes, and the issues having been duly heard and a decision having been duly rendered,

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Final Approval of Proposed Settlement and for Approval of Allocation Plan (doc. no. 192) and the Motions for Award of Class Representative Fees and for the Award of Attorneys' Fees and Expenses (doc. nos. 194 & 197) are granted as follows:

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation of Settlement executed on June 13, 2012 (the "Stipulation").

The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

The Court hereby approves and confirms the Settlement embodied in the Stipulation as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Stipulation as its Judgment, and orders that the Stipulation shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that Plaintiffs have asserted claims on behalf of the Colonial BancGroup 401(k) Plan (the "Plan") to recover losses alleged to have occurred as a result of violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA").

The Court determines that the Settlement, which includes the payment of $2,500,000 on behalf of Defendants, has been negotiated vigorously and at arm's length by Class Counsel, and further finds that, at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Plan and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court finds that the Plan's participation in the Settlement is on terms no less favorable than Plaintiffs' and the Settlement Class's and that the Plan does not have any additional claims above and beyond those asserted by Plaintiffs that are released as a result of the Settlement.

The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed

and intended to benefit the Plan, Plan participants, and Plan beneficiaries.

Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class does not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

The Court determines that the Class Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all Members of the Settlement Class

who could be identified through reasonable efforts. Such Class Notice provides valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Stipulation to all persons entitled to such Class Notice, and such Class Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the class being defined as:

> "All persons, other than Defendants, who were participants in or beneficiaries of the Plan at any time between April 18, 2007 and August 25, 2009, and whose accounts included investments in Colonial Stock."

Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms its prior appointment of Whatley, Drake & Kallas, LLC, Keller Rohrback LLP, and Harwood Feffer LLP as co-lead class counsel ("Class Counsel").

Based on the Settlement, the Court hereby dismisses the Complaint and the Action against Defendants with prejudice on the merits.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, Plaintiffs, the Plan, and each Member of the Settlement Class on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released each and all of the Releasees from the Released Claims.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, Defendants, including their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed

to have released the Plaintiff Released Parties from any claims that may have arisen out of this Action.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, all release provisions shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action.  Further, Plaintiffs assume for themselves, and on behalf of the Settlement Class, and Defendants assume the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any such Person's entering into the Stipulation.

The Court further determines that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

All members of the Settlement Class and the Plan are hereby barred and enjoined from the institution and

prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees.

The litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable. Accordingly Class Counsel is awarded expenses in the amount of $104,404.22, to be paid from the Settlement Fund.

The attorneys fees sought by Class Counsel in the amount of twenty-six percent (26%) of the common fund established in this Action are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. Accordingly, Class Counsel is awarded attorneys' fees in the amount of 26 percent (26%) of the common fund established in this Action, specifically $645,595.78.

Plaintiffs are hereby awarded case contribution awards in the amount of $5,000 each and shall be paid pursuant to the timing requirements described in the Stipulation.

The Plan of Allocation for the Settlement Fund is approved as fair, reasonable, and adequate. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

Neither this Order nor the Stipulation of Settlement approved pursuant to this Order precludes any claim against the Defendants or any other Insured Person (as defined in the D&O Policies) by the Federal Deposit Insurance Corporation as Receiver for Colonial Bank or in its corporate capacity, or by any other governmental or regulatory agency asserted in any criminal, administrative or civil action.

Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Stipulation and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Stipulation and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

This case is closed.

DONE, this the 12th day of October, 2012.

                                           /s/ Myron H. Thompson  
                                        UNITED STATES DISTRICT JUDGE